**HLD-049 (November 2010)**                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2607
_____

COURT OF COMMON PLEAS,

v.

ALEXANDRA KELLY,
                                      Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil No. 10-00446)
District Judge:  Honorable Gregory M. Sleet

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
November 30, 2010
Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges

(Opinion filed:  March 9, 2011)
_____

OPINION
_____

PER CURIAM.

        Alexandra Kelly appeals from the District Court's order denying her

emergency motion to stay and remanding her case to Delaware state court.  For the

reasons that follow, we will affirm in part, vacate in part, and remand to the District

1

Court for further proceedings.

On May 28, 2010, Kelly filed a pro se complaint, written partially in Spanish, alleging discrimination based on race and requesting a federal investigation of an Elsmere policeman. Accompanying her complaint were a civil cover sheet, stating that the nature of the suit was "other civil rights," and documents from her state court criminal proceedings: a summons for appearance for a May 28, 2010 motions hearing in state court; the criminal docket sheet for State of Delaware v. Alexandra Kelly; an initial crime report; and a letter from her assigned Assistant Public Defender. Kelly also filed an emergency motion to stay her state criminal trial.[1]

The District Court treated the complaint as a notice of removal. On June 3, 2010, it sua sponte remanded the case to state court and denied Kelly's motion to stay. Kelly timely appealed. In a statement submitted in support of her appeal, she explains that she wishes to bring suit against the Elsmere Police Department on the basis of racial discrimination because she was mistreated by an officer who rode in the ambulance with her on February 7, 2010.[2]

---

[1] The motion to stay alleged she was unable to enforce her rights to an attorney, to call witnesses, or to obtain discovery for her criminal case.

[2] On February 7, 2010, an ambulance transported Kelly to Christiana Hospital. At the hospital, Kelly allegedly kicked a victim in the face. She was charged with third degree assault and was arraigned on March 12, 2010. The attachments to Kelly's complaint describe this incident.

If Kelly were attempting to remove her criminal case to federal court, we would agree that the removal was improper. A notice of removal of a criminal prosecution shall be filed no later than 30 days after the arraignment in the state court, unless good cause is shown and the district court elects to enter an order granting the defendant leave to file the notice at a later time. 28 U.S.C. § 1446(c)(1). Kelly filed her pleadings in the District Court on May 28, 2010, more than 30 days after her arraignment on March 12, 2010, and her pleadings fail to show good cause for removal.

Given Kelly's requests for a federal investigation, her request for discovery, the attachments to her complaint, and her emergency motion to stay her state court criminal proceedings, it is understandable that the District Court interpreted Kelly's complaint as a notice of removal. Nevertheless, we conclude that the District Court's determination that Kelly's complaint was a notice of removal and its subsequent remand of the matter to state court were premature. Although the District Court noted that, "[f]or the most part, the complaint is written in Spanish," see Memorandum at 1 n.1, Court of Common Pleas v. Kelly, No. 10-cv-446 (D. Del. June 3, 2010), it does not appear that the District Court translated or requested Kelly to translate the document. Nothing in the local rules indicates that submission of a pleading that contains a foreign language, without translation, is prohibited in the District of Delaware. Compare 48 U.S.C.A. § 864 (all pleadings and proceedings in the District of Puerto Rico shall be conducted in the English language), and D.P.R. Civ. R. 5(g) (all documents not in English language must

3

be accompanied with a translation), with D. Del. LR 7.1.3(d) (if evidence in a foreign language is included in any appendix, an English translation shall be included in the appendix). Review of Kelly's complaint, translated to English, reveals an allegation that she was hurt by the police during the February 7, 2010 incident. [3] This allegation arguably raises a civil rights claim, consistent with Kelly's notation in the cover sheet to the complaint.

Under these circumstances, the District Court should have requested a translation or clarification of the complaint and, if warranted, granted Kelly leave to amend the complaint before taking final action on her filing. Cf. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (district courts must extend plaintiffs an opportunity to amend before dismissing a complaint, unless amendment would be inequitable or futile). Because Kelly was not provided an opportunity to explain or amend her filing, the order remanding this matter to state court will be vacated. If, on remand, Kelly fails to provide a translation or amend her complaint pursuant to the District Court's instructions, the District Court may dismiss the matter for failure to

---

[3] The description of the discriminatory acts that Kelly provided in her complaint have been translated by an employee of this Court as follows:

> On February 7, 2010 at 12:00 pm I called 911 for an ambulance because I suffer from panic attacks. On my way to the hospital, I was brutally hurt by the police. The police department presented charges against me, and they do not want to release or give me the video to prove what is being presented against me. The Court continues the case and omitted the petition for extension, why?

comply with the Court's order or take other appropriate action.

Kelly also filed a motion requesting the District Court to stay her state court proceedings because she needed more time to complete discovery and prepare for trial. The District Court's denial of Kelly's stay motion was proper. <u>See</u> <u>Evans v. Ct. of Com. Pl. Del. Cnty., Pa.</u>, 959 F.2d 1227, 1234 (3d Cir. 1992) (under principle of comity, state courts should be "left free to perform their separate functions in their separate ways" except under extraordinary circumstances).

Accordingly, we will affirm the District Court's order to the extent that it denied Kelly's motion to stay, but will vacate the order to the extent that it construed Kelly's filing as a notice of removal and remanded the matter to state court, and will remand this matter to the District Court for further proceedings consistent with this opinion.